## Detroit Fire and Marine Ins. Co. v. Henry B. Chetlain.

1. INSURANCE—*Construction of Conditions in Policies.*—Conditions of forfeiture in policies of insurance are inserted solely for the benefit of the insurers, and therefore, to be strictly construed, must have a reasonable and practicable construction.

2. SAME—*Premises Vacant.*—Under a condition of a policy providing

for a forfeiture, if the building insured becomes vacant or unoccupied, it is sufficient to prevent such forfeiture if the building was actually occupied at the time of the fire, although such occupancy may have been temporary.

3. PRACTICE—*Special Findings—Time to Object.*—If the answers to special interrogatories are not sufficiently specific, objections must be made at the time of their return into court; failing to do so the right to object is waived.

**Assumpsit,** on a policy of insurance. Appeal from the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

D. & T. J. and J. M. SHEEAN, attorneys for appellant, contended that the fact that appellee slept in this house the night of the fire can not be claimed to constitute an occupancy as a dwelling, under the provisions of the policy.

Under policies like this, where the provision is absolute, the rule is that the policy is suspended during the time that the premises are vacant. May on Ins., Sec. 249; Sonneburn v. Ins. Co., 44 N. J. Law, 220; Richards v. Continental Ins. Co., 47 N. W. Rep. 350; Johnson v. Phœnix Ins. Co., 52 Iowa 457; Snyder v. Firemen's Ins. Co., 42 N. W. Rep. 630; McClure v. Watertown Fire Ins. Co., 90 Penn. St. 277; Bennett v. Agricultural Ins. Co., 50 Conn. 420; Fannery Ins. Co. v. Wells, 42 Ohio St. 519; Hartford Ins. Co. v. Webster, 69 Ill. 892; Cook v. Continental Ins. Co., 70 Mo. 610.

All conditions of the policy are warranties and must be strictly and literally complied with. 1 Wood on Fire Insurance, Sec. 178, p. 414; Miller v. Insurance Co., 31 Iowa 216.

Vacancy clauses are conditions precedent. N. A. Fire Ins. Co. v. Zaenger, 63 Ill. 464.

A warranty extends to every matter which it embraces, whether material to the risk or not. Ins. Co. v. Meyers, 55 Miss. 479; Thomas v. Fame Ins. Co., 108 Ill. 91; Bick v. Ins. Co., 44 Md. 95.

E. L. BEDFORD and R. H. McCLELLAN, attorneys for appellee, contended that the jury were justified in finding, as

they did under the facts in evidence, that the building was not vacant at the time of the fire. Citing American Ins. Co. v. Padfield et al., 78 Ill. 167; Phœnix Ins. Co. v. Tucker, 92 Ill. 64.

In a case like this, in order to entitle the appellant to avail itself of the forfeiture clause in the policy for non-occupancy, it was necessary to show by the proof that such vacancy caused the fire, or in some manner contributed to the loss. Traders' Ins. Co. v. Race, 142 Ill. 338.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action brought by appellee against appellant on an insurance policy issued to the former, dated March 22, 1894, on appellee's two story dwelling house situate on section 14, town 28 north, range one, west 4th P. M., in Jo Daviess county, which was insured against direct loss or damage by fire, from noon, 22d March, 1894, to noon, 22d March, 1895, in a sum not to exceed $800. There were provisions in the policy, among which one was that in case the building described, whether intended for occupancy by owner or tenant, became vacant or unoccupied and so remained for ten days, the policy was to be void.

The building was entirely consumed by fire on the morning of May 3, 1894, and the proof showed that it was worth more than the entire amount of the insurance.

At the time of the fire appellee and his wife were sleeping in the east room up stairs and were occupying the house. Up to the night of the fire and ever since the insurance, the house had remained vacant, except a bedroom was furnished in which lodgers were at times kept. Appellee and his wife went to the house from their main dwelling the night before the fire and intended to stay a week while things were being straightened up at the old homestead, and two of his children slept at the old homestead. Appellant was intending to occupy the building as a cottage, during the summer, from about the middle of May, 1895, by either himself or boarders.

The verdict and judgment were for appellee for the whole amount of the loss, $800. Various reasons are assigned for

error on the part of the appellant, its main attempted de-fense being that the provision in the policy regarding the house remaining vacant was violated, and that within the meaning of the policy the house was at the time of the fire vacant and unoccupied. The entire defense hinged on this contention.

It is contended that as the house was described in the policy as a dwelling it must be occupied as a dwelling house; that being in the contemplation of the parties in executing the contract. Several cases from other States are cited to show that the house must be occupied as a dwelling by the family, that a constructive occupation will not suffice, and that a house occupied by servants alone can not be re-garded as occupied by the insured; we do not regard these authorities at all in point. In this case the house was actually occupied by the insured and his wife at the time of the fire, with a part of their furniture therein. It was so occupied as a dwelling, although it may have been but temporary. Under the terms of the policy the house was required to be occu-pied and not remain vacant. If the occupation as a resi-dence were only intended for a day or a week it would be a sufficient occupation as long as it continued. In this case the appellee intended to occupy the house for about a week as a residence, according to the undisputed testimony, while his other house was being repaired or fixed up.

This was sufficient evidence from which the jury could find that at the time of the fire the house was not vacant or unoccupied and in fact we can not see how the jury could have found otherwise. It is claimed that some of the spe-cial interrogatories proposed by the appellant were improp-erly modified by the court and that the jury failed to answer them in full.

We are of the opinion that the court committed no error in modifying the questions, and if the answers by the jury were not specific enough it was the duty of the appellant to have objected when the verdict was returned into court, and failing to do so it waived any right to object after-ward.

It is also complained that the court erred in modifying defendant's 3d, 4th, 5th and 6th instructions by striking out the word "dwelling house" in said instructions. The appellant tries to draw a distinction between the occupation of a dwelling house and some other kind of a house, and to make out that it was not occupied as a dwelling house. The undisputed facts are, however, that the house was built as and was a dwelling house, and at the time of the fire the proprietor was actually occupying it as such, although it may have been only temporarily. We think that was sufficient; it is not pretended by appellant's counsel that the policy would not attach whenever the building was occupied as a dwelling, although a portion of the time it may have been unoccupied.

Conditions of forfeiture in policies of insurance are inserted solely for the benefit of the insurers, and therefore to be strictly construed, and must have a reasonable and practicable construction and not made a snare to catch the unwary. Traders Insurance Co. v. Race, 142 Ill. 338; Phoenix Insurance Co. v. Tucker, 92 Ill. 64.

Seeing no error in the record, the judgment of the court below is affirmed.