## Teutonia Insurance Co. v. Robert Bonner.

1. INSURANCE—*Interpretations of Contracts of.*—In the interpretation of a contract, the purpose of the transaction between the parties should be rightly apprehended and the contract so construed as to effectuate that purpose, if it be possible to do so, by giving the language, as a whole, any reasonable meaning.

2. SAME—*Intention of the Parties to Govern.*—The predominant intention of the parties to a contract of insurance is indemnity, and this intention is to be kept in view and favored in putting a construction upon the policy.

3. SAME—*Construction of Special Clauses.*—Special clauses providing for forfeitures should be strictly construed against forfeitures, and the words providing for indemnity should be given the most enlarged meaning consistent with reason.

4. SAME—*"If the Buildings Fall."*—The clause, "If a building or any part thereof fall except as a result of fire, all insurance by this policy on such building or its contents shall cease," contained in a policy, must be construed with the proposition in mind that the predominant intention of the parties in the making of the contract was indemnity; and this intention must be favored and the contract so construed as to effect that purpose, if that can be done by giving to the language, as a whole, any reasonable meaning.

5. SAME—*What Constitutes a Fallen Building.*—A well-constructed frame building has not fallen within the meaning of the condition of the policy in this case when it has merely been blown from the blocks on which it rested, and turned over on its side, remaining intact and retaining its identity as the same building.

Assumpsit, on a policy of insurance. Trial in the Circuit Court of Alexander County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

GREEN & GILBERT, attorneys for appellant.

The provision in policy providing insurance may cease

if building fell, not as the result of fire, will be enforced. Nichols v. Sun Mutual Insurance Co., 71 Miss. 326; Huck v. Globe Insurance Co., 127 Mass. 306; Nave v. Home Insurance Co., 37 Mo. 431.

The words in clause as to the fall of the building except as a result of the fire, should be interpreted in their ordinary meaning. Fireman's Fund Ins. Co. v. Cong. Rodeph Sholom, 80 Ill. 559; Breuner v. Liverpool Ins. Co., 51 Cal. 101; Liverpool and London & Globe Ins. Co. v. Ende, 65 Texas, 118.

LANSDEN & LEEK, attorneys for appellee.

The building insured, when it left its foundation, did not fall to pieces and thereby become a mass of rubbish or ruins. After it left its foundation it held together, remained intact and retained its identity as a building until it was completely consumed by fire.

Under these circumstances the building did not fall within the meaning of said clause in the policy of insurance. Farrell v. Farmer's Mut. Fire Ins. Co., 66 Mo. App. 153; Fireman's Fund Ins. Co. v. Congregation Rodeph Sholom, 80 Ill. 558; Security Ins. Co. v. Mette, 27 Ill. App. 324; Teutonia Ins. Co. v. Beard, 74 Ill. App. 496; Huck v. Globe Ins. Co., 127 Mass. 306; Wood on Fire Insurance, Sec. 114, page 239; Flanders on Fire Insurance, Sec. 9, page 476.

The right to enforce a forfeiture under clauses in a policy like the clause in question is *stricti juris*, and such clauses will be construed most strongly against the company. The company can have the benefit of such a clause only by showing that the case clearly comes within the clause. Dows v. Faneuil Hall Ins. Co., 127 Mass. 346; Niagara Fire Ins. Co. v. Scammon, 144 Ill. 490; Travelers Ins. Co. v. Dunlap, 160 Ill. 642; German Ins. Co. v. Gibe, 162 Ill. 251.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in assumpsit, in the Circuit Court of Alexander County, by appellee against appellant, to recover on a fire insurance policy. The policy is set out *in haec verba*

in the declaration, and contains the following clause : " If a building, or any part thereof, fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease." To this declaration appellant pleaded the general issue. Trial by jury. Verdict and judgment in favor of appellee for $517.

Appellant urges as grounds for reversal that the court erred in refusing to give a peremptory instruction asked on behalf of appellant, immediately after the close of all the evidence in the case, directing the jury to find for appellant; in giving the second and seventh instructions on behalf of appellee ; in refusing to give the fourth and fifth instructions asked on behalf of the appellant; and in refusing to admit proper evidence offered on behalf of appellant.

The house insured was a well-built two-story frame dwelling, resting on a foundation of wooden blocks, situate on Douglas street, in the city of Cairo. On the morning of March 5, 1897, between four and five o'clock, there was in that vicinity a storm of high wind, accompanied by lightning and thunder. During the storm the house was blown over, on its side, off the foundation ; apparently not otherwise damaged, except that a chimney flue gave way and fell in. In that condition it was entirely consumed by fire.

The testimony tends strongly to prove, and in our opinion the greater weight of the evidence is to the effect, that the house was struck by lightning, thereby set on fire, and was partly consumed before it was blown over ; but there is much testimony tending to show that the fire did not catch until afterward. This was a contested issue in the case upon which the evidence is conflicting and contradictory. Appellant's counsel state that the principal defense of appellant is, its non-liability under the provision of the policy that " If a building or any part thereof, fall, except as a result of fire, all insurance by this policy on such building shall immediately cease." In this connection, they contend that it is wholly immaterial whether the fire commenced to burn the building before it was blown over, or

whether it originated afterward, "if, as a fact, the building *fell* from a cause *other than fire.*"

These positions of counsel make it practicable for us to discuss together all the grounds relied on by them for a reversal except the fourth.

At the conclusion of all the evidence, appellant asked the court to direct the jury to find for appellant, which the court refused to do; and among other instructions given on behalf of appellee, gave the following:

"The court instructs you that even though you may believe from the evidence that the plaintiff's building which was insured by the defendant was blown from its blocks by the wind and turned over on its side, yet if you further believe from the evidence that said building remained intact and retained its identity as a building, then and in such case the said building did not fall within the meaning of the clause in defendant's policy of insurance, providing that if said building, or any part thereof, should fall except as a result of fire, all insurance by said policy on such building or its contents should immediately cease.

"Before it can be held that the plaintiff's house had fallen, you must find from the evidence that his house had fallen to pieces, and was not left intact as a building after it had been blown from its foundation or posts upon which it was standing before the storm."

And the court refused to give the following instruction asked by appellant:

"The court instructs the jury that if you believe from the evidence that the building in question was blown off its foundation on to its side, then you should find for the defendant in this case, unless you believe that the building fell as a result of a fire."

"The court instructs the jury that the policy in evidence contains a clause: 'If a building or any part thereof fall, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease,' and the court instructs you that under the clause of said policy you should find for the defendant; if you believe from the evidence that the house insured was blown by wind over on to its side, or for other cause except by fire, fell onto its side and off its foundation, then you should find for the defendant."

In the interpretation of the contract, the purpose of the

transaction between the parties should be rightly apprehended and the contract so construed as to effect that purpose, if it be possible so to do, by giving the language of the contract, as a whole, any reasonable meaning. In Phillips on Insurance, Sec. 134, it is said: "The predominant intention of the parties in a contract of insurance is indemnity, and this intention is to be kept in view and favored in putting a construction upon the policy." In May on Insurance, Vol. 1, 3d Ed., Sec. 174, it is said: "Having indemnity for its object, the contract is to be construed liberally to that end. * * * Conditions and proviso will be strictly construed against the insurers, because they have for their object to limit the scope and defeat the purpose of the principal contract."

The courts of this State have adopted and emphasized the above principles and rules for the interpretation and construction of insurance contracts. Commercial Ins. Co. v. Robinson, 64 Ill. 265; Phœnix Ins. Co. v. Tucker, 92 Ill. 64; Niagara Ins. Co. v. Scammon, 100 Ill. 644; Schroeder v. Trade Ins. Co., 109 Ill. 157; Healey v. Mutual Accident Ass'n, 133 Ill. 556; Traveler's Ins. Co. v. Dunlap, 160 Ill. 642; Illinois Mut. Ins. Co. v. Hoffman, 31 Ill. App. 295; Detroit F. & M. Ins. Co. v. Chetlain, 61 Ill. App. 450.

The controlling question in this case is as to the meaning of the clause, "If a building or any part thereof fall, except as a result of fire, all insurance by this policy on such building or its content shall cease." This clause must be construed with the proposition in mind that the predominant intention of the parties in the making of the contract was indemnity; that this intention must be favored and the contract so construed as to effect the purpose of its making, if that can be done by giving to the language as a whole any reasonable meaning. In The Forest City Insurance Company v. James Hardesty, Administrator of the Estate of Henry Hardesty, deceased, filed in the Fourth Appellate Court District, at the August term, 1898, we said: "The clause providing indemnity should be liberally construed in favor of indemnity; the clause providing for the for-

feiture should be strictly construed against forfeiture; the words in the clause providing indemnity should be given the most enlarged meaning consistent with reason; and the words in the clause providing forfeiture should be given the most restricted meaning consistent with reason; and that as the insurer drew the contract, all doubts should be resolved in favor of the assured."

In Joyce on Insurance, Vol. 3, Sec. 2773, it is said: "In determining what constitutes a fallen building within a fire risk, the character, construction and relative situation to adjoining buildings are important. If the building is so far demolished as to become a mere mass of congeries of materials, it has undoubtedly lost its distinctive character as the building insured." In the text books on insurance, wherever we find the expression "fallen buildings" or any equivalent expression, it appears that the writer had in mind a building that had fallen "in pieces," "collapsed," or in some form become a "mere ruin," "mass of rubbish," or "a congeries of materials;" that it had become in such condition that it "could not be repaired and still be the same building."

We are of opinion that to hold that a well-constructed frame building has fallen, when it has merely been blown from blocks on which it rested and turned over on its side, remaining intact and retaining its identity as the same building, would be to give to the word "fall" its most extended meaning in favor of forfeiture, when, under such circumstances, we should give it the most restricted meaning consistent with reason; would be to give to it a more extended meaning than writers on insurance law usually have given to it. Therefore we hold that appellant's exceptions to the action of the trial court in the giving and refusing of the instructions complained of, are not well taken. We are also of opinion that, even if it could be held, under the facts of this case as shown by the evidence, that the building had fallen, within the proper meaning of the term "fall," as used in said clause of the policy, still if it had caught fire before it fell and was in process of being con-

sumed when it fell, the fact that it did fall while being so consumed, though from other cause than the fire, would not bar a recovery.

Under the facts of this case as disclosed by the record, the trial court properly refused to admit the testimony offered by appellant concerning the chattel mortgage. As we view the case, there is no substantial error in this record.

The judgment of the Circuit Court is affirmed.