### Sidney Rubenstein, Appellant, v. Fireman's Fund Insurance Company, Appellee.

### Gen. No. 44,750.

Opinion filed January 19, 1950. Released for publication February 21, 1950.

RUBENSTEIN & BECKER, of Chicago, for appellant.

EDWARD B. HAYES and LORD, BISSELL & KADYK, all of Chicago, for appellee; EDWARD B. HAYES and STEPHEN A. MILWID, both of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Sidney Rubenstein filed a statement of claim in the municipal court of Chicago against Fireman's Fund Insurance Company to recover under an insurance policy the loss suffered by the collapse of a portion of a ceiling. A trial without a jury resulted in a finding and judgment against the plaintiff, who appeals.

In this court plaintiff relies on Count II as amended, to recover the reasonable value and the cost of restoring certain chattels. The facts are not in dispute. Defendant issued its policy on September 1, 1946, in the amount of $8,950. The policy covers personal property of the insured located in the premises at 505 Maple Lane, Highland Park, Illinois, pertinent parts of which read:

"Perils Insured 2. All risks of loss of or damage to property covered except as hereinafter provided. . . .

"Exclusions 6. This policy does not insure . . . (d) against breakage of eye glasses, glassware, statuary, marbles, bric-a-brac, porcelains and similar fragile articles (jewelry, watches, bronzes, cameras and photographic lens excepted), unless occasioned by theft or attempt thereat, vandalism or malicious mischief, or by fire, lightning, windstorm, earthquake, flood, explosion, falling aircraft, rioters, strikers, collapse of building, accident to conveyance or other similar casualty, nor unless likewise occasioned, against marring or scratching of any property not specifically scheduled herein."

On August 7, 1947, while plaintiff and his family were dining in the kitchen, a "tremendous" crash was heard. Upon investigation it was found that a portion of the dining room ceiling comprising an area of 36 square feet (6 x 6 feet) had collapsed and fallen upon various items of personal property. The dining room ceiling embraced an area of 150 square feet (15 x 10 feet). There had been no cracks in the ceiling or warning of the impending collapse. Plaintiff had lived in the house for seven years. No ceiling had collapsed previously. The ceiling was in good condition. He testified in detail as to the reasonable value of the items destroyed, the total value being $434.

██ Plaintiff asserts that the contention that his loss comes within the exclusion clause is an affirmative defense and must be pleaded and proved (citing sec. 4 of Municipal Court Rule 38), and that the facts constituting any affirmative defense and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action, and any ground or defense, whether affirmative or not, which if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply. Plaintiff states that he pleaded the loss and set forth the pertinent parts

406

of the policy covering the loss and the exclusions with the exceptions to the exclusions; and that defendant in its answer did not plead that the loss came within the exclusion clause which excused it from liability in the event certain itemized fragile articles or similar articles were damaged "unless occasioned by theft or attempt thereat, vandalism or malicious mischief, or by fire, lightning, windstorm, earthquake, flood, explosion, falling aircraft, rioters, strikers, collapse of building, accident to conveyance or other similar casualty." Defendant's answer admitted the issuance of the policy and stated that the risks insured against were only those risks specified in the policy and subject to the terms, conditions, declarations and stipulations therein stated, without any specific mention of what conditions, declarations or stipulations it was relying upon for its defense. Plaintiff maintains that the answer did not apprise him of the affirmative defense and gave him no opportunity to reply that the damage came within the exception to the exclusion clause, that thus no issue was created and no proof presented that the loss came within the exclusion clause. Plaintiff supports his argument by citing *Parker v. Dameika,* 372 Ill. 235; *Leitch v. Sanitary Dist.,* 386 Ill. 433; *Kelly v. North American Union,* 146 Ill. App. 611, and other cases. In an action upon an insurance policy the plaintiff must plead and prove that his loss was caused by one of the perils insured against. *Swan v. Union Ins. Co.,* 16 U. S. (3 Wheat.) 79. The cases cited by plaintiff do not deal with the issue of coverage with reference to perils insured against, but with conditions subsequent contained in policies of insurance. Defendant's amended answer stated that the risks insured against were only those risks specified in the policy and it denied the loss as pleaded by plaintiff. We find that under the pleadings the burden was on plaintiff to prove that his loss was caused by one of the risks insured against.

Furthermore, par. 3 of Supreme Court Rule 42 provides that all defects in pleadings either in form or in substance, not objected to in the trial court, shall be deemed to be waived. The record shows that plaintiff was aware of the issue on which the case was decided and that the case was tried on that issue.

██ Insurance policies are liberally construed in favor of the insured, and doubtful, ambiguous or equivocal language in the policy is resolved in favor of the policy holder. See *Midwest Dairy Products Corp. v. Ohio Casualty Ins. Co. of Hamilton, Ohio,* 356 Ill. 389, 392. The rule is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain ordinary and popular sense. *Imperial Fire Ins. Co. v. Coos County,* 151 U. S. 452. Plaintiff, pointing out that the policy excludes from its terms any such loss as this except when occasioned "by theft or attempt thereat, vandalism or malicious mischief, or by fire, lightning, windstorm, earthquake, flood, explosion, falling aircraft, rioters, strikers, collapse of building, accident to conveyance or other similar casualty," states that the words "or other similar casualty" are obviously broad, equivocal and ambiguous and should be most liberally construed in favor of the insured.

██ Plaintiff insists that even if the defense had been properly pleaded and proved, the loss came within the exception to the exclusion clause, and that the question of construction involved is whether the casualty sued upon is an "other similar casualty" to all of the casualties cited in the policy. Defendant stands on the proposition that no error was committed by the trial judge in finding that the loss was not caused by one of the perils insured against under the policy. In this situation we are called upon to consider the meaning of

the words "or other similar casualty." The word "other" implies additional casualties to those enumerated. The word "similar" is defined in Webster's New International Dictionary second edition as meaning, in its primary sense, "nearly corresponding, resembling in many respects; somewhat like; having a general likeness." In *United States v. Raynor,* 302 U. S. 540, 547, the court said (547) that "similarity is not identity, but resemblance between different things." Plaintiff states that an examination of the exceptions to the exclusion clause discloses that what is obviously meant is to cover the type of casualty wherein human intervention plays no part.

The parties discuss the case of *Thames & Mersey Ins. Co. v. Hamilton, Fraser & Co.,* 12 A. C. 484 (House of Lords, 1887), wherein the court held that a policy which insured against several enumerated perils of the sea "and all other perils" was in its latter reference applicable only to other similar perils of the sea and not just any peril. Plaintiff calls attention to the fact that the court says in defining "all other perils" that such phrase is intended to cover "in a seaworthy ship damage to goods caused by the action of the sea during transit not attributable to the fault of anybody." In the instant case the loss was caused by the falling of a portion of a ceiling. We agree with defendant that the only remotely similar casualty or peril insured against by the exceptions to the exclusion clause covering the type of property damaged is that of "collapse of building." In the cases wherein the peril "collapse of building" has been construed by the courts in various types of policies of insurance, it has been held that the entire building must lose its distinctive character as a building before there is a collapse of the building within the terms of the policy. In *Teutonia Ins. Co. v. Bonner,* 81 Ill. App. 231, a well-built two-story frame dwelling resting on a foundation of wooden blocks was

blown over on its side and off the foundation during a high windstorm. The court held that there was not a fall of a building, or any part thereof, stating (236):

"In the text books on insurance, wherever we find the expression 'fallen buildings' or any equivalent expression, it appears that the writer had in mind a building that had fallen 'in pieces,' 'collapsed,' or in some form become a 'mere ruin,' 'mass of rubbish,' or 'a congeries of materials;' that it had become in such condition that it 'could not be repaired and still be the same building.' "

In *Security Ins. Co. v. Mette,* 27 Ill. App. 324, the court held that the fall of two-fifths of an ice house leaving the other three separate compartments standing intact, was not the fall of a building within the terms of a condition of a policy of fire insurance. In *Skelly v. Fidelity & Casualty Co. of New York,* 313 Pa. 202, 169 Atl. 78, in an action to recover under a double liability clause of a life indemnity accident policy, the assured was in the first floor of a three-story addition to a large three-story hotel building. A runaway railroad car got out of control at the top of a steep grade on a mountain a mile away from the hotel, jumped the track and "catapulted with terrific force against the brick wall of the addition" and "tore through two of the walls, leaving the remainder of the walls standing." The assured was struck by the debris and killed. The policy provided that the amount payable for death should be double if the bodily injury sustained by the assured was received "in consequence of the collapse of the outer walls of a building while the assured is therein." At the close of plaintiff's case the trial court entered a compulsory nonsuit. The judgment was affirmed on appeal, where the Supreme Court emphasized that "the hole caused by the car and the portion of the two walls ripped away comprised only a small part of the first story and basement wall area of the addition" and that

a large and substantial portion of the walls remained intact. The plaintiff contended that the injury sustained by the fall of a substantial portion of the wall, regardless of cause, came within the terms of the policy. The court held that "to make the policy cover plaintiff's theory would be to extend its terms far beyond what they covered as written." The Pennsylvania court said that the word "collapse" as used in the policy there considered was not doubtful in meaning or capable of two interpretations, "so far as the incidents are concerned which it is sought to make it cover, because it does not cover them at all."

 Plaintiff does not contend that the building in the instant case collapsed. He seeks to recover on the theory that the casualty sued upon is an "other similar casualty" to all of the casualties cited in the policy. There is no merit in this contention. The damage to the chattels was caused by the collapse of approximately one fourth of the ceiling area of one room of the house. This cannot be held to be a similar casualty to the collapse of a building. We are satisfied that under the factual situation plaintiff failed to establish that the casualty sued upon is an "other similar casualty" to any or all of the casualties cited in the policy. Therefore, the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

LEWE, P. J., and KILEY, J., concur.