ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 11, 2008

The Honorable Fred Hill
Chair, Committee on Local Government
   Ways and Means
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0589

Re: Authority of property tax consultant to act as agent for property owners under section 1.111, Tax Code (RQ-0596-GA)

Dear Representative Hill:

You write to inquire about the proper interpretation of section 1.111, Texas Tax Code.[1] Section 1.111 governs a property owner's authority to designate an agent to act on the owner's behalf in property tax matters. *See* TEX. TAX CODE ANN. § 1.111(a)–(i) (Vernon 2001). Property tax consultants, regulated under Occupations Code chapter 1152,[2] often serve as agents of property owners. Of the two questions you ask, your primary one involves the authority of these tax consultants under section 1.111.

Section 1.111 sets out the scheme under which a property owner may designate an agent. *See* TEX. TAX CODE ANN. § 1.111 (Vernon 2001). It requires the Comptroller of Public Accounts (the "Comptroller") to promulgate designation forms. *Id.* § 1.111(h). Section 1.111, among other things, specifies the requisites of a designation of agent and requires certain warning language to be included in the form for single-family residential designations. *Id.* § 1.111(b), (h). Under the directive to "prescribe forms and adopt rules to facilitate compliance" with section 1.111, the Comptroller has adopted forms and rules pertaining to designation of agents.[3] *Id.* § 1.111(h); *see* 34 TEX. ADMIN CODE § 9.3044 (2007) (Comptroller of Public Accounts, Appointment of Agents for Property Taxes). You report that the Comptroller recently amended the relevant rule to prohibit

---

[1]*See* Letter from Honorable Fred Hill, Chair, Committee on Local Government Ways and Means, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (June 21, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Chapter 1152, Occupations Code, regulates the tax consultant occupation. *See* TEX. OCC. CODE ANN. ch. 1152 (Vernon 2004). *See id.* § 1152.001(6)(E) (defining tax consulting services to include acting as an agent in accordance with section 1.111).

[3]Form 50-162-1 is entitled "Appointment of Agent for Property Taxes," *available at* http://www.window .state.tx.us/taxinfo/taxforms/ (last visited on Jan. 7, 2008). Form 50-241-1 is entitled "Appointment of Agent for Single-Family Residential Property Tax Matters," *available at* http://www.window.state.tx.us/taxinfo/taxforms/ (last visited on Jan. 7, 2008).

property tax consultants from signing the designation forms.[4] Request Letter, *supra* note 1, at 2; *see also* 31 Tex. Reg. 7099 (2006), *adopted* 31 Tex. Reg. 8844 (2006) (codified at 34 TEX. ADMIN CODE § 9.3044). And you tell us the amendment was initiated to resolve an ongoing dispute between a property tax consultant and an appraisal district about the tax consultant's authority to sign the designation form. Request Letter, *supra* note 1, at 2. You further inform us that the Comptroller has proffered advice about construction of the rule to the property tax consultant. *Id.* You suggest that not only does the Comptroller's advice indicate the dispute is not yet resolved, but also that it was improper for the Comptroller to provide it. *Id.* Thus you ask:

> First, does the [tax consultant's] Fee Agreement or a similar agreement lawfully allow a tax consultant to complete and execute an Appointment of Agent Form on behalf of a property owner, thereby denying the property owner the opportunity to see the language mandated by Section 1.111(h), Tax Code? Additionally, may the Comptroller advise a tax consultant on the impact of rules it has implemented on pending tax protests?

*Id.*

Your primary question involves a specific tax consultant's fee agreement. *See id.* (asking whether a specific agreement lawfully allowed a consultant to complete and execute a form). The fee agreement about which you ask is a contract between a tax consultant and a property owner. Because "[t]his office does not construe contracts," we cannot answer your question with respect to the particular fee agreement. Tex. Att'y Gen. Op. No. GA-0176 (2004) at 2. We can, however, construe section 1.111 and opine on its legal requirements.

In pertinent part, section 1.111 of the Tax Code provides that:

> (a) A property owner may designate a lessee or other person to act as the agent of the owner for any purpose under this title in connection with the property or the property owner.
>
> (b) The designation of an agent must be made by written authorization signed by the owner, a property manager authorized to designate agents for the owner, or other person authorized to act on behalf of the owner, and must clearly indicate that the person is authorized to act on behalf of the property owner in property tax matters relating to the property or the property owner. The designation may authorize the agent to represent the owner in all property tax matters or in specific property tax matters as identified in the designation.

---

[4]You do not ask about, and we do not opine on, the validity of the Comptroller's rule.

. . .

(h) The comptroller shall prescribe forms and adopt rules to facilitate compliance with this section. The comptroller shall include on any form used for designation of an agent for a single-family residential property in which the property owner resides the following statement in boldfaced type:

"In some cases, you may want to contact your appraisal district or other local taxing units for free information and/or forms concerning your case before designating an agent."

TEX. TAX CODE ANN. § 1.111(a)–(b), (h) (Vernon 2001). You are concerned about a property tax consultant's authority to complete and execute a designation of agent for the property owner. Request Letter, *supra* note 1, at 1. You are particularly concerned that when the property tax consultant executes the designation for an owner, the property owner does not see the warning language that is mandated by section 1.111(h). *Id.*

As we examine section 1.111, we are mindful of the rules of statutory construction. The cardinal rule in construing a statute is to ascertain the "intention of the Legislature as expressed in the language of the statute." *State v. Terrell*, 588 S.W.2d 784, 786 (Tex. 1979) (citing *Calvert v. Tex. Pipe Line Co.*, 517 S.W.2d 777 (Tex. 1974)). We begin with the statute's plain language under the assumption that the Legislature meant what it said and that its words are the surest guide to its intent. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). Courts look to the statute's literal text and apply the plain meaning of its words, unless application of the statute's plain meaning would lead to absurd consequences that the Legislature could not possibly have intended, or unless the literal language is ambiguous. *State v. Sanchez*, 135 S.W.3d 698, 699 (Tex. App.—Dallas 2003), *aff'd*, 138 S.W.3d 324 (Tex. Crim. App. 2004) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). And courts may not add words to a statute, even if the addition might seem desirable, unless necessary to give effect to clear Legislative intent. *Lee v. City of Houston*, 807 S.W.2d 290, 294–95 (Tex. 1991) (citing *Jones v. Liberty Mut. Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988)).

Here section 1.111(b)'s literal text directs our construction. Under that section, a designation of agent must meet two requirements. A designation: (1) "must be made by written authorization signed by the owner, a property manager authorized to designate agents for the owner, or other person authorized to act on behalf of the owner," and (2) "must clearly indicate that the person is authorized to act on behalf of the property owner in property tax matters relating to the property or the property owner."[5] TEX. TAX CODE ANN. § 1.111(b) (Vernon 2001); *see also MHCB (USA)*

---

[5] A court of appeals has, in dicta contained in a footnote, recognized that the language "must clearly indicate that the person is authorized to act on behalf of the owner" may cause confusion and could be read to apply to either the person *named as* the tax agent or the person *naming* the tax agent. *Harris County Appraisal Dist. v. Drever Partners, Inc.*, 938 S.W.2d 196, 199 n.2 (Tex. App.—Houston [14th Dist.] 1997, no writ). The plain language of the statute
(continued...)

*Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist.*, No. 01-06-00529-CV, 2007 WL 2743487, at *6 (Tex. App.—Houston [1st Dist] Sept. 20, 2007, pet. filed) (enumerating "must clearly indicate" language as separate requirement of section 1.111(b)).

Of the two requirements, only the first one identifies the persons who are authorized to sign the designation of agent. Section 1.111(b) provides that the designation may be signed by only "the owner, a property manager authorized to designate agents for the owner, or [an] other person authorized to act on behalf of the owner." TEX. TAX CODE ANN. § 1.111(b) (Vernon 2001). Because you are not concerned about the authority of property owners and property managers, we need only construe the phrase "other person authorized to act on behalf of the owner."

Key to construing the phrase are the terms "other person" and "authorized." A "person," as defined in the Code Construction Act, includes corporate persons. *See* TEX. GOV'T CODE ANN. § 311.005(2) (Vernon 2005) (Code Construction Act, defining "person"); *see also* TEX. TAX CODE ANN. § 1.03 (Vernon 2001) (providing that the Code Construction Act applies to title 1 of the Tax Code). Neither section 1.111 nor the Property Tax Code defines the terms "other" or "authorized," so we look to their common, ordinary, and usual meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). "Other" means "a person or thing that is different or distinct from one already mentioned or known about." NEW OXFORD AMERICAN DICTIONARY 1212 (2001); *see also Rubenstein v. Fireman's Fund Ins.*, 90 N.E.2d 289, 291 (Ill. App. Ct. 1950) (defining "other" to mean additional). In connection with the term "person" and in the context of the phrase under consideration, "other" means a person that is different or distinct from the property owner or property manager. Beyond requiring the "other person" to be "authorized to act on behalf of the [property] owner," the phrase does not further limit "other person."

The term "authorized" has been judicially defined in another context to mean: "1) to give official approval to or permission for; 2) to give power or authority to; 3) to empower or commission; or 4) to give justification for or warrant." *Franklin v. State*, 193 S.W.3d 616, 620 (Tex. App.—Fort Worth 2006, no pet.) (defining "authorized" under section 43.25(b), Texas Penal Code). Appropriate for use here, the definition's first two aspects tell us that one "authorized" in the phrase at issue is one with official approval, permission, or power. Moreover, the fact that the term is past tense indicates that the official approval, permission, or power preexists an action permitted by section 1.111(b).

Based on these definitions, an "other person authorized to act on behalf of the owner" means a person, including a corporate person, who is not an owner or property manager and who has

---

[5](...continued)
supports the construction wherein the "must clearly indicate" language applies to the person *named* as the tax agent. The sentence reads as a compound sentence with the parallel use of the word "must" indicating that each clause following "must" is a separate requirement. And we believe this reading better effectuates the purpose of identifying to the appraisal district and appraisal review board the person with authority to act with regard to property. Finally, a recent court of appeals case considering section 1.111(b) enumerated the "must clearly indicate" language as a separate requirement. *MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist.*, No. 01-06-00529-CV, 2007 WL 2743487, at *6 (Tex. App.—Houston [1st Dist] Sept. 20, 2007, pet. filed).

official approval, permission, or power to act on behalf of the property owner where that person's official approval, permission, or power exists at the time the person signs the designation for the owner. To the extent a property tax consultant is such an authorized other person, the tax consultant has legal authority, under section 1.111(b), to execute a designation of agent for a property owner.

Under Texas law, a person may provide official approval, permission, or power to another to act on the individual's behalf through a variety of different legal means. *See, e.g., Sociedad De Solaridad Social El Estillero v. J.S. McManus Produce Co.*, 964 S.W.2d 332, 334 (Tex. App.—Corpus Christi 1998, no pet.) (discussing actual and apparent authority of agents). Whether a given fee agreement or other document provides valid and sufficient authority to a tax consultant to act on behalf of a property owner such that the tax consultant is authorized to execute the section 1.111 designation is a question that may be answered only through examination of the particular facts. And that question is one we must leave to the courts. As we stated previously, such a question is not appropriate to the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0176 (2004) at 2.

You are concerned that our construction circumvents the legislative intent that the property owner "see[] the language prescribed by Section 1.111(h)." Request Letter, *supra* note 1, at 1. Section 1.111(h) requires that the form used to designate an agent for a "single-family residential property in which the property owner resides" must include, in boldfaced type, specified warning language. TEX. TAX CODE ANN. § 1.111(h) (Vernon 2001). By requiring that this warning language be conspicuously included on the designation form, you suggest that the Legislature implicitly intended the property owner, at least with respect to the owner's single-family residence, to see the warning language. Section 1.111(h), however, requires only that the language be included on the designation form. *See id.* ("The comptroller shall include on any form [as specified] . . . the following statement . . . ."). And in the same section on designating agents, the Legislature used broad language to authorize "other persons" to sign the designation form for the property owner. *Id.* § 1.111(b). This provision was added by the Legislature in 1993. Act of May 28, 1993, 73d Leg., R.S., ch. 981, § 1, 1993 Tex. Gen. Laws 4255, 4255. The language authorizing "other persons" to sign the form for the owner was part of the statute at the time section 1.111(h)'s warning language was added. Act of May 28, 1989, 71st Leg., R.S., ch. 796, § 2, 1989 Tex. Gen. Laws 3591, 3591; *see also, e.g., Garner v. Lumberton Indep. Sch. Dist.*, 430 S.W.2d 418, 423 (Tex. Civ. App.—Austin 1968, no writ) (recognizing that the Legislature enacts statutes with knowledge of existing law). When it added section 1.111(h) requiring the warning language, we must presume the Legislature was aware that any "other person" authorized to act for the owner could sign the designation form under section 1.111(b). Yet the Legislature did not amend section 1.111(b) to limit the authority to sign a residential designation form to only the property owner to ensure that the property owner would see the warning language.

Construing section 1.111 so that section 1.111(h) limits the literal and unambiguous text of section 1.111(b) would require us to read language into the statute that restricts those persons expressly permitted to sign the designation of agent. The mere presence of the warning language prescribed in section 1.111(h) and the possible Legislative intent that it be read by the property owner do not provide clear indication that this limitation was intended by the Legislature. Our restraint does not lead to absurd consequences that could not have been intended by the Legislature.

By requiring in section 1.111(b) that the other person be "authorized" to act on behalf of the property owner, the Legislature could have presumed that the other person was acting as directed by or in the best interests of the property owner. Our restraint is moreover required by the rules of statutory construction: We cannot, under the guise of statutory construction, amend a statute no matter how desirable the amendment may be. *A.M. Servicing Corp. of Dallas v. State*, 380 S.W.2d 747, 748 (Tex. Civ. App.—Dallas 1964, no writ); *see also Brazos River Auth. v. City of Graham*, 354 S.W.2d 99, 109 (Tex. 1961) ("If Parliament does not mean what it says, it must say so.").

In your second question you ask whether the "Comptroller [may] advise a tax consultant on the impact of rules it has implemented on pending tax protests." Request Letter, *supra* note 1, at 2. As you correctly point out, the Tax Code prohibits the Comptroller from advising "a property owner, a property owner's agent, an appraisal district, or an appraisal review board on a matter that the comptroller knows is the subject of a protest to the appraisal review board." TEX. TAX CODE ANN. § 5.041(f) (Vernon 2001); Request Letter, *supra* note 1, at 2. You suggest that because a tax consultant had matters pending before an appraisal review board regarding the validity of its fee agreements, the Comptroller may have violated this section by advising the tax consultant about the Comptroller's rule. Request Letter, *supra* note 1, at 2. Aside from reciting the legal truism that the Comptroller must comply with section 5.041(f) and other applicable law, we cannot answer this question. The question regarding whether the Comptroller's office engaged in conduct proscribed by section 5.041(f) is a fact question that is beyond the purview of this office. *See* Tex. Att'y Gen. Op. No. GA-0087 (2003) at 1.

## S U M M A R Y

Section 1.111(b) of the Texas Tax Code authorizes a designation of agent form to be signed by an "other person authorized to act on behalf of the owner." A property tax consultant that falls within the statutory language, as construed, is authorized by section 1.111(b) to execute and complete the designation form for the property owner. Questions regarding the validity and sufficiency of a given fee agreement are outside the purview of the opinion process.

The Comptroller of Public Accounts must comply with applicable state law. Whether behavior or conduct violates a statute is a fact question that cannot be answered in the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee